HAZER v. YOST.

Decided May 16, 1891.

*Bond for title—Assignment—Covenant.*

> The words, "*grant, bargain and sell*," employed in the assignment of a bond for title, do not import, nor does the act of assignment imply, a covenant that the vendor will comply with his contract to convey, or that the assignor will repay to the assignee all sums expended in obtaining title; the assignor undertakes merely that he is owner of the bond for title, and to invest the assignee therewith.

APPEAL from *Pulaski* Chancery Court.

DAVID W. CARROLL, Chancellor.

Yost, being assignee of a bond for title to land, sought to recoup against the purchase notes executed to his assignor, Hazer, certain expenses incurred in obtaining a deed from Edwards, the vendor. There was judgment for Hazer, from which Yost appeals. The facts are stated in the opinion.

*S. W. Williams* for appellant.

1. The assignment was but a means to an end, *i. e.*, perfecting the former verbal contract for the sale of the land. It does not purport to set out or embody the entire contract or the considerations or motives that prompted it, and parol evidence was admissible to show what the contract was. Jones on Com. & Trade Cont., sec. 284, *et seq.*; Abb. Tr. Ev., p. 362, sec. 10; *ib.*, p. 5, sec. 10, and p. 385; 27 Ark., 510.

2. The parol agreement bound Yost to return purchase money if the title failed. 7 Cr., 408. Even if he sold only the bond, by the assignment he guaranteed to return the purchase money if the bond was void or could not be made good, and to make good all outlays. 1 Bibb (Ky.), 547; 2 *id.*, 424; 6 Black. (Ind.), 40. The words "grant, bargain and sell" raise the statutory covenants for title. The assignment raises a *contingent obligation* on the obligor's failure to make title. 3 T. B. Mon. (Ky.), 95; *ib.*, 290; 3 J. J. Marsh., 636; 3 T. B. Mon., 565. The assignee can recover of the

assignor expenses of suit, etc. 2 B. Monroe, 191. He undertook to pass the title to the land, and is bound to make it good. 14 B. Mon., 18. See on the relative rights of the parties. 2 Wash. (Va.), 219 ; 2 H. & M. (Va.), 105, 536 ; 29 Ark., 358.

*G. W. Williams* for appellee.

1. If appellant paid more than Edwards had a right to demand or claim, under the title bond, this did not bind appellee to repay him. 2 B. Monroe, 193.

2. The oral negotiations were resolved into the written contract, and oral testimony was inadmissible to vary it. 1 Sugd. on Vendors, sec. 4, p. 80; 1 Johns. Chy., 273; 13 Ark., 496; *ib.*, 598; 45 *id.*, 177; 50 *id.*, 393; 24 *id.*, 210; 11 Johns., 202 ; 2 Lead. Cases in Equity, part 1, note to p. 946; 9 Md., 436; 2 L. C. in Eq., p. 963, 975, 980; Fry on Sp. Perf., sec. 512; 91 U. S., 291 ; 16 Wall., 564.

2. Before the assignee of a bond for title can hold the vendee in the bond liable, he must first show that he has exhausted his remedy against the vendor, and that the vendor is insolvent. 3 T. B. Mon., 73; *ib.*, 290; 3 J. J. Marsh, 633 ; 2 B. Mon., 191. In this case there was no failure of title. Appellant obtained his deed at the time promised and entered into possession.

HEMINGWAY, J. Yost held land under a bond for title, whereby one Edwards bound himself to convey the land to Yost on the 28th of September, 1885, upon the payment to him on that day of the sum of $500 and interest from the date of the bond. Before the time arrived for the payment of the money to Edwards and the execution of the deed by him, according to the terms of the bond, Yost executed to Hazer the following assignment of the bond :

"Know all men by these presents, that I, E. B. Yost, of Hennepin county, State of Minnesota, in consideration of the sum of five hundred dollars, lawful money of the United States, to me in hand paid, the receipt whereof is hereby confessed and acknowledged, have granted, bargained, sold,

assigned and transferred, and by these presents do grant, bargain, sell, assign and transfer, to James H. Hazer of Hennepin county, State of Minnesota, party of the second part, a certain bond for a deed dated the 8th day of May, 1883, given by H. H. Edwards to me, E. B. Yost, the property described in said bond being a piece or parcel of land described as the south half of the southwest quarter of the northwest quarter of the northeast quarter of section fifteen, township one north, range twelve west, in the county of Pulaski, State of Arkansas; and I do by these presents place the said James H. Hazer in my place and stead, with all the rights and privileges that I might or could have, had not these presents been given. In witness whereof, I have hereunto set my hand and seal, this 5th day of June, A. D., 1885.

    [Signed]                              " E. B. YOST."

It is insisted that by the terms of this assignment, Yost undertook that Edwards would convey title in accordance with the terms of his bond, and bound himself to pay to Hazer all sums expended by him in obtaining title, such as fees paid to attorneys and conveyancers and personal expenses incurred. The assignment contains no express undertaking to that effect; and if one can be gathered from it, it must be by implication arising from the ordinary or legal signification of its provisions, or from the act of assignment in itself.

*Liability of the assignor of a bond for title.*

We do not think that the ordinary import of its terms by any fair construction can be said to imply any such undertaking. To the common understanding it would express the purpose to invest Hazer with the rights of Yost, subject to the conditions under which the latter held them. But, to sustain the contention, reliance is placed upon the legal signification of the words of transfer found in the assignment, ·which, it is claimed, import a covenant that the assignor is seized of an indefeasible estate in fee simple free from incumbrances. We can not so hold for two reasons: (1) Because the thing " granted, bargained and

sold " is the bond for title and not the land, and if any covenant as to ownership is implied from the words of grant, it relates to the bond only; (2) Because an agreement will not be implied against one manifestly expressed, and the terms of the assignment clearly show that the assignor held under a bond for title, and did not covenant that he held an indefeasible estate of fee simple free from incumbrances. The assignment does not disclose the conditions of the bond, but makes reference to it as the source of the assignor's right, and thereby imparts notice of its conditions; and since Yost put Hazer in his place under it, the latter took the rights subject to the conditions expressed in it.

It is further insisted that assignors of bonds for title, by the act of assignment, undertake with their assignees that conveyances will be made according to the obligations of the bonds assigned. We do not think the authorities cited sustain the contention. They only hold that the assignor of a bond undertakes that he is the absolute and unconditional owner of the bond, and has an indefeasible right to demand what the bond calls for. *Emmerson* v. *Claywell*, 14 B. Mon., 18. Yost owned the bond assigned, and was entitled to demand a deed upon the conditions therein set forth; so there was no breach of the implied undertaking.

Judgment affirmed.